**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

DANEA MICHELLE KOLLER-ADDISON,   )
                                                )
                    Plaintiff,      )
      vs.                                 )      No. 1:06-cv-1303-DFH-WTL
                                                )
BETH MCKECHNIE, former caseworker,    )
DIANE REACH, former case manager,      )
                                                )
                  Defendants.   )

**Entry Discussing Motion for Summary Judgment**

     For the reasons explained in this Entry, the motion for summary judgment of defendant McKechnie must be **granted.**

**I. Background**

     Plaintiff Danea Michelle Koller-Addison filed this action pursuant to 42 U.S.C. § 1983 on August 31, 2006. She alleges that the defendants, former caseworker Beth McKechnie and former case manager Diane Reach, violated her rights protected by the Fifth and Fourteenth Amendments to the United States Constitution and violated the Freedom of Information Act ("FOIA"). She also asserts a state law claim of negligence.

     Defendant McKechnie has appeared in the action and seeks the entry of summary judgment as to the claims asserted against her. "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the Federal Rules of Civil Procedure). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

## II.  Discussion

McKechnie argues that the plaintiff's constitutional claims are time-barred and that she has failed to state a claim upon which relief can be granted under the FOIA.

The plaintiff has not opposed McKechnie's motion for summary judgment.[1] This leaves McKechnie's evidentiary materials unopposed. Accordingly, as the plaintiff was notified would be the case, to the extent McKechnie's statement of material facts is supported by admissible evidence, her statement of material facts is accepted by the court as true. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). McKechnie has established without contradiction from the plaintiff the following:

1.      The Henry County Department of Public Welfare ("HCDPW") filed a petition in November 1985 in the Henry Juvenile Court alleging that plaintiff's two children were Children in Need of Services ("CHINS") after the HCDPW had substantiated an allegation of neglect.

2.      The Henry Juvenile Court found the children were CHINS, and plaintiff's children became wards of the State and were placed in foster care.

3.      McKechnie became employed by the HCDPW as a Caseworker on September 28, 1987.

4.      In October 1987, McKechnie was assigned to supervise the ongoing case involving plaintiff and her two children.

5.      While assigned to plaintiff's case, McKechnie made referrals for services for plaintiff and her children and monitored plaintiff's cooperation with court-ordered services.

6.      In January 1989, the HCDPW filed a petition with the Henry Juvenile Court to terminate plaintiff's parental rights.

7.      Hearings regarding the requested termination were conducted in 1990.

8.      The Henry Juvenile Court issued an order denying the request to terminate plaintiff's parental rights in May 1991.

---

[1]On March 6, 2007, the plaintiff filed a request for denial of defendant McKechnie's summary judgment. That document was dated March 2, 2007.  This was before the motion for summary judgment was filed on March 14, 2007. Even if this "request" were treated as the plaintiff's opposition to the motion for summary judgment, it is not in the proper form as prescribed by Local Rule 56.1, nor does it cite to any evidentiary materials.

9.      One of plaintiff's children was taken out of foster care and placed in plaintiff's home in Marion County, Indiana in May 1991.

10.     Plaintiff's other child was taken out of foster care and placed in plaintiff's home in Marion County, Indiana in January 1992.

11.     When the children were placed with plaintiff, caseworkers in the Marion County Department of Public Welfare assisted the HCDPW by helping to supervise the case, performing checks of the home, and making reports to the HCDPW.

12.     The CHINS case was dismissed in October 1992 upon the motion of the HCDPW.

13.     McKechnie has had no contact with plaintiff or her children since the dismissal of the CHINS case in 1992.

14.     McKechnie has taken no action related to, regarding, or affecting plaintiff or her children since the dismissal of the CHINS case in 1992.

15.     McKechnie has never entered any information regarding plaintiff on the Indiana child abuse registry or any "felony listing."

The statute of limitations applicable to the plaintiff's § 1983 claims is two (2) years. *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 699-70  (7th Cir. 2005) ("For §§ 1983 and 1985 claims, the statute of limitations is determined by the law of the state in which the violation took place. Indiana's statute of limitations for personal injury claims is 2 years.") (citations omitted); *Forman v. Richmond Police Department,* 104 F.3d 950 (7th Cir. 1997) ("[T]he two-year Indiana statute of limitations for personal injuries (IND. CODE § 34-1-2-2) applies to § 1983 claims.")(citing *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir. 1995)).

While the statute of limitations to be applied to § 1983 claims is a matter of state law, the accrual date of such claims is determined by federal law. *Wallace v. Kato,* 127 S. Ct. 1091, 1095 (2007). A claim accrues when the plaintiff knows or should know that her constitutional rights have been violated. *Sellars v. Perry,* 80 F.3d 243, 245 (7th Cir. 1996); *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir. 1993).

The last day on which the plaintiff's claims against McKechnie could have accrued was in October 1992, because McKechnie took no action relative to the plaintiff since the dismissal of the CHINS case. Therefore, the statute of limitations expired in October 1994. The complaint was not filed until August 31, 2006. Thus, this action was filed more than 12½ years after the expiration of the applicable statute of limitations. Any claim asserted pursuant to § 1983 is time-barred.

In addition, the plaintiff has failed to state a claim upon which relief can be granted with respect to the FOIA claim. *See Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993) (FOIA authorizes suit against federal agencies and does not authorize a private cause of action against individual employees of those agencies).

This leaves for resolution the state law negligence claim. When a district court dismisses the claims over which it had original jurisdiction, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. § 1367(c)(3); *Sellars v. City of* Gary, 453 F.3d 848, 852 (7th Cir. 2006). "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)). "If the district court, in deciding a federal claim, decides an issue dispositive of a pendent claim, there is no use leaving the latter to the state court." *Sellars*, 453 F.3d at 852 (internal quotation omitted). In light of the fact that the same statute of limitations applies to the state law claim, the court finds that the values of judicial economy, convenience, fairness and comity dictate that it retain jurisdiction over the negligence claim and dismiss such claim as time-barred.

Based on the foregoing, McKechnie is entitled to judgment as a matter of law. Her motion for summary judgment must be **granted.** *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996) ("If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party.").

### III. Conclusion

"'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor, Ill.,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). For the reasons explained above, plaintiff has failed to meet this burden. Accordingly, the motion for summary judgment filed by McKechnie on March 14, 2007, must be **granted.**

The resolution of the claim against Beth McKechnie does not resolve all claims in this action. No partial final judgment shall be entered at this time as to the claims resolved in this Entry.

So ordered.

_____
DAVID F. HAMILTON, Judge
United States District Court

Date: ___5/18/2007___

Distribution:

Danea M. Koller-Addison
1809 West Lambert Street
Indianapolis, IN 46221

Eric James Beaver
INDIANA STATE ATTORNEY GENERAL
eric.beaver@atg.in.gov

Juliana B. Pierce
INDIANA STATE ATTORNEY GENERAL
Julie.Pierce@atg.in.gov