UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DANEA MICHELLE KOLLER-ADDISON, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>DIANNE REACH, former case manager, )<br>)<br>Defendant. ) | No. 1:06-cv-1303-DFH-WTL |

**Entry Discussing Motion for Summary Judgment**

For the reasons explained in this Entry, the motion for summary judgment of defendant Dianne Reach must be **granted.**[1]

**I. Background**

Plaintiff Danea Michelle Koller-Addison ("Koller-Addison") filed this action pursuant to 42 U.S.C. § 1983 on August 31, 2006. She alleges that the defendant, former case manager Dianne Reach ("Reach"), violated her rights protected by the Fifth and Fourteenth Amendments to the United States Constitution and violated the Freedom of Information Act ("FOIA"). She also asserts a state law claim of negligence.

Reach has appeared in the action and seeks the entry of summary judgment as to the claims asserted against her. "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the Federal Rules of Civil Procedure). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

---

[1]The spelling of this defendant's first name as "Dianne" is corrected in this Entry and shall likewise be corrected on the clerk's docket.

Koller-Addison has responded to the motion for summary judgment. She has done so through the filing of a 6-page written statement, to which she has appended 33 pages of assorted documents and records. The narrative statement is not submitted under oath. That statement may therefore elucidate the claims, but cannot serve as the basis for creating an issue of fact. *Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 720 (3d Cir. 1989) ("[S]tatements made in briefs are not evidence of the facts asserted."); *see also National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 268 (7th Cir. 1996) (nonmovant's opposition to motion for summary judgment raised more issues and posed additional questions, but included no counter affidavits or exhibits which might have raised a genuine issue of material fact). As to the 33 pages of other materials, these are not authenticated, are not self-identifying, and are thus also unsuited to create an issue of fact. See *Smith v. City of Chicago,* 242 F.3d 737, 741 (7th Cir. 2001) ("In granting summary judgment, a 'court may consider any material that would be admissible or usable at trial,' including properly authenticated and admissible documents or exhibits." (citations and quotations omitted)); *Woods v. City of Chicago,* 234 F.3d 979, 988 (7th Cir. 2000) (noting that court may consider "properly authenticated and admissible documents or exhibits" in evaluating a motion for summary judgment); 10A Charles Alan Wright et al., **FEDERAL PRACTICE & PROCEDURE** § 2722, at 379-80 & 382-84 (1998) ("Rule 56(e) requires that sworn or certified copies of all papers referred to in an affidavit must be attached to or served with that affidavit . . . . To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.").

Koller-Addison has not attempted to meet the burden of a non-movant in responding to a motion for summary judgment. Her materials are thus of exceedingly limited value to her. "[A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law." *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003) (citing cases). There is no reason to stray from the traditional remedy in this case. Because Koller-Addison has not opposed the motion for summary judgment with materials meeting the standards of Rule 56(e) of the *Federal Rules of Civil Procedure*, the motion may be resolved based on the evidentiary materials Reach has submitted. See *Koszola v. Board of Education v. City of Chicago,* 385 F.3d 1104 (7th Cir. 2004); *Moore v. Holbrook,* 2 F.3d 697, 699 (6th Cir. 1993)(if documents submitted in support of a motion for summary judgment do not satisfy the requirements of Rule 56(e), they must be disregarded).[2] This does not alter the standard for assessing the Rule 56(c) motions, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

---

[2]"The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *DeNovellis v. Shalala,* 124 F.3d 298, 305-06 (1st Cir. 1997)(quoting *Fed. R. Civ. P.* 56(e) advisory committee's note to 1963 amendment).

Moreover, the court has reviewed the materials that plaintiff submitted. Even if her statement had been submitted as an affidavit, and even if the documents had been authenticated, they would not raise an issue of fact material to the decisive issue - the applicable statute of limitations.

## II. Discussion

Reach was employed as a case worker at the Marion County Office of Family and Children ("Marion County OFC") from 1998 to March 2001. During Reach's employment at the Marion County OFC, she was assigned to a neglect case involving the plaintiff and the plaintiff's daughter. The undisputed facts pertinent to the claims in the action are the following:

- ♦ Reach held the position of ongoing case worker when she was employed at the Marion County OFC. In that position, Reach was responsible for helping to provide child welfare services to children in need of services and their families. Reach helped to reunite children with their families or to find them other permanent placement, as ordered by the juvenile court.

- ♦ While Reach was employed at the Marion County OFC, she was assigned to a neglect case involving Koller-Addison and her teenage daughter. As part of that assignment, Reach oversaw Koller-Addison's compliance with court-ordered services and met with Koller-Addison's daughter to discuss foster care placement.

- ♦ Reach had no contact with Koller-Addison or her daughter after Reach left employment with the Marion County OFC in March 2001.

- ♦ Reach has taken no action related to, regarding, or affecting Koller-Addison or her daughter since Reach left employment with the Marion County OFC in March 2001.

- ♦ Reach never entered any information regarding Koller-Addison on the Indiana child abuse registry or any "felony listing."

Reach argues that the plaintiff's constitutional claims are time-barred and that she has failed to state a claim upon which relief can be granted under the FOIA.

The statute of limitations applicable to the plaintiff's § 1983 claims is two (2) years. *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 699-70 (7th Cir. 2005) ("For §§ 1983 and 1985 claims, the statute of limitations is determined by the law of the state in which the violation took place. Indiana's statute of limitations for personal injury claims is 2 years.") (citations omitted); *Forman v. Richmond Police Department,* 104 F.3d 950 (7th Cir. 1997) ("[T]he two-year Indiana statute of limitations for personal injuries (IND. CODE § 34-1-2-2) applies to § 1983 claims.")(citing *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir. 1995)).

While the statute of limitations to be applied to § 1983 claims is a matter of state law, the accrual date of such claims is determined by federal law. *Wallace v. Kato,* 127 S. Ct. 1091, 1095 (2007). A claim accrues when the plaintiff knows or should know that her constitutional rights have been violated. *Sellars v. Perry,* 80 F.3d 243, 245 (7th Cir. 1996); *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir. 1993).

The last day on which the plaintiff's claims against Reach could have accrued was in March 2001, because Reach took no action relative to the plaintiff after that time and was not even employed by the Marion County OFC. Koller-Addison was entirely aware of the child in need of services (CHINS) proceeding and of the status regarding her daughter's placement. She was equally aware of Reach's assignment by the Marion County OFC to those matters. Therefore, the statute of limitations expired in April 2003. The complaint was not filed until August 31, 2006. Thus, this action was filed more than three years after the expiration of the applicable statute of limitations. Koller-Addison's contention that a social agency had involvement in the matter until 2005 cannot be used to impose liability on Reach. *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996)("'An individual cannot be held liable in a [42 U.S.C.] § 1983 action unless [s]he caused or participated in [the] alleged constitutional deprivation.'")(*quoting Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983)). To survive summary judgment, Koller-Addison "needed to offer some record evidence that . . . the defendant officials knew of a constitutional deprivation and approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated." *Vance v. Peters,* 97 F.3d 987, 994 (7th Cir. 1996). She has not done so. Any claim asserted pursuant to § 1983 is time-barred.

In addition, the plaintiff has failed to state a claim upon which relief can be granted with respect to the FOIA claim. *See Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993) (FOIA authorizes suit against federal agencies and does not authorize a private cause of action against individual employees of those agencies).

This leaves for resolution the state law negligence claim. When a district court dismisses the claims over which it had original jurisdiction, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. § 1367(c)(3); *Sellars v. City of* Gary, 453 F.3d 848, 852 (7th Cir. 2006). "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)). "If the district court, in deciding a federal claim, decides an issue dispositive of a pendent claim, there is no use leaving the latter to the state court." *Sellars*, 453 F.3d at 852 (internal quotation omitted). In light of the fact that the same statute of limitations applies to the state law claim, the court finds that the values of judicial economy, convenience, fairness and comity dictate that it retain jurisdiction over the negligence claim and dismiss such claim as time-barred.

Based on the foregoing, Reach is entitled to judgment as a matter of law. Her motion for summary judgment must be **granted.** *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996) ("If the nonmoving party fails to establish the existence of an element

4

essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party.").

### III.  Conclusion

"'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor, Ill.,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). For the reasons explained above, the plaintiff has failed to meet this burden. Accordingly, the motion for summary judgment filed by Reach on September 24, 2007, must be **granted.**

Final judgment consistent with the ruling in the present Entry and with the ruling in the Entry of May 18, 2007, shall now issue. The costs of this action are assessed against the plaintiff.

So ordered.

DAVID F. HAMILTON, Judge
United States District Court

Date: 11/19/2007